The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. All right. Good afternoon, counsel. This case is number 4-22-0439. In re the marriage of Lisa Parmenter, formerly Lisa Jones and Aaron Jones. Counsel, could you please state your appearances for the record? Justice, it's Bruce Booker for the appellant with Stangee Law Firm. And Marcy Duvall of Cordell and Cordell for the petitioner appellee. All right. Thank you both. And before we get started, I just would like to apologize for the late start. We went over with the last case and so appreciate your patience there. Mr. Booker, you may proceed with your argument. Thank you, Justice. May it please the court, counsel. This is a case involving fraud with altered documents. A case with several incidences of alleged fraud. Child support order was changed according to the appellant. After there had been a filing of entry of appearance. So the court actually had subject matter and personal jurisdiction. But the client, Mr. Jones, the appellant, was basically induced into putting in his entry of appearance on the basis that there was an agreement. And so the appellant is maintaining that the order be considered void ab initio. Where do where is it alleged that he was induced to file his appearance based on fraud? Where is that allegation? Justice. He did state in his motion to amended motion to vacate that there was an agreement as to his income. And that at paragraph three, he stated that instead of three ninety per month, which was the agreement, three ninety dollars and eighty cents a month. It was altered to six ninety by monthly. That's in paragraph three of the amended motion to vacate. Apart from that, there is no date on the signature lines on the judgment of dissolution other than the courts, which was March 11th. But the client in his amended motion to vacate stated that February six, he signed the entry of appearance and that the documents were filed February 22nd. He was not here. He was out of state. He's a member of the military at that time. And he had believed he had an agreement with the appellee. Right. But saying that the amount was changed after his appearance really is more like a fraud on the court. There wasn't this allegation, at least that I saw. He filed a second amended motion to vacate pro se. And at the hearing on that motion, he was represented by counsel. But counsel never further amended that motion to allege that he only agreed to file his appearance and consent based on her agreement to stick with the pay stub as it was initially represented. So that's different. That doesn't necessarily take jurisdiction away. And I think I heard you concede that there is subject matter as well as personal jurisdiction here. So, unless there is some misrepresentation or extrinsic fraud, there certainly is jurisdiction, both subject matter and the appearance and consent gave personal jurisdiction. Isn't that correct. Yes, it is justice. I believe that looking at the the pleadings in the light most favorable to the non moving party. Mr. Well, the appellant did state that he was not aware of the alteration and the fraud until after the order was entered. So, and that, and that frame of reference judge, I, I'm looking at it as a situation where he was. He had an agreement he believed with this opposing party, which then on the reliance of that agreement. He was not here did not appear for court. And basically, there was a very blatant changing of the order as far as the amount. And due to that, there was a, he was a victim of fraud. But he participated in his litigation for 12 years isn't that correct sometimes represented by counsel. And is it your contention that he never had the opportunity to discover that the judgment was apparently or supposedly procured by fraud. Yes, is that that's a very good point. I, he did not appear. I don't know if I'm remembering correctly. He did not actually appear in court until 2013. But prior to that, he did. He did not actually appear, but the upshot of it is, is that basically. At the outset, he was a victim of fraud. And yes, there, there, there were certainly. He certainly had an opportunity to discover that amount. That's absolutely correct. Justice. In fact, he filed, I think, a motion to modify support and 2019. There was also the issue of duress and fraud though address as far as coercion statements by the FLE, I will make sure you do not have a relationship with your son if you can test the child support amount. So, and that looking at it that way, there could be some tolling of the statute until at least 2019. Okay. Thank you. Thank you. Thank you. Anything beyond the two year statute, based on the void order role, because the court had the belief that that it was a two year rule of blanket rule no matter what. Well, even if council. This was looked at as the two for as a to 1401 F petition correct. This fleeting. I believe so your justice yes. And even if it were not to require allegations of diligence and a material meritorious defense. In all other respects, it has to comply with what's required in a to 1401 petition. And that is it has to comply with the civil rules if there's a complaint alleging fraud, it has to be alleged with specificity and particularity here, that was not done. So, the trial court, seemingly was correct in indicating that there was no tolling, and that the two year rule had to apply. Because there was an absence of any particular allegations regarding the fraud that is now alleged, or talked about and argued for the first time that is fraud of the misrepresentation that was made prior allegedly to his filing his appearance and consent. That that wasn't brought up until your reply brief. That was the first time that was brought up and it wasn't in any particular allegation that was filed by your client. Justice, I, I was looking at the amended motion of a K, where there is a paragraph three statement of the petitioner referring to the appellee egregiously forging the document regarding child support. And there are, there's a lengthy affidavit attached as well and numerous allegations of forgery. So I, as far as is the court saying that regarding tolling of the matter or I'm saying this was pleaded counsel as I read it as a fraud on the court, not as to a fraud. As to himself to induce him to go ahead and file an appearance and consent. Before, before the judgment was signed and entered and filed on March 11. I would agree with justice that it's not explicitly stated that he was induced, but reading between the lines regarding him stating that he could not have been aware of the, of the order forgery until after after the fact. And that they had the first paragraphs talks about they had an agreement as to his income. And there's an allegation that that the amount as altered was 70% of it of his net looking at it in that in that fashion. I'm reading that the parties had an agreement. That's why that he signed the paperwork. And are you saying that material representation that Lisa made to him to induce them to sign this appearance and consent. That's sufficient. That there was an agreement. Yes, justice. I think that I think that's, that's the, the, the gist of the amended motion to vacate that there was an agreement between the parties and then, and then he was surprised after the fact. He didn't discover that for 12 years or 14 year. I mean, four or 10 years, I would, I would have to, I would have to agree that he, he would have known about it prior to that justice. Absolutely. I mean, I can't, I can't sit here and argue that he didn't know about it for 12 years, but there was an allegation that that there was coercion and that definitely stated he would not be allowed to have a relationship with his son, which is stated in the motion. If he attempted to alter the child support. And Mr. Booker, we to just look past that 10 year period, because it would seem that it would seem very obvious that the, the child support amount was much larger than what he had originally, according to his allegations, what he had originally agreed to what it'd be apparent immediately in the litigation, and then to proceed for 10 years. We're not to look at that. That's something that's irrelevant to the to 1401 analysis. I don't think it's irrelevant judge. Your Honor, excuse me. Justice, I don't think it's irrelevant. I think that due to duress that that could be something that could be looked at as tolling the statute I think even the appellee and their, and their brief stated that perhaps there was duress. There could be an argument for duress and coercion, and the appellee made the argument that well that coercion would probably have stopped by March 26 of 2019 when the appellant filed a motion to modify child support. So even even the appellee is, at least for the sake of argument giving way that there could have been direct dress and coercion up until that point. Apart from that, I would respectfully suggest that the court look at this as an opportunity to make a very narrow rule that if someone is. And if the if the proof or this out that if someone is induced to enter an appearance, because obviously the appellee was sophisticated enough to get Mr. Jones to sign an entry of appearance that if that occurs on the pretext of an agreement that is then brought in as a fraud that in those very limited circumstances that it should at least get to a hearing. Justice, so it could at least he could at least have his day in court and try to persuade the court that he was a victim of fraud and that there's a reason for the delay. So that's, that's what we're requesting your justice. All right. Thank you. Any other questions. I don't see any other questions you'll have time and rebuttal. Miss Duvall, your argument. Thank you, Justice Thomas. Excuse me, Justice Harris. Again, I am Mercy Duvall from Cordell and Cordell and I am here on behalf of the petitioner in this cause and the aptly Lisa par mentor formerly known as Lisa Jones. Your Honor's counsel may please the court. Mr. Booker has essentially tried to tell this court that the point of this appeal is that there was fraud and forgery but that's not the point of this appeal. The point of this appeal is that we the petitioner aptly filed a motion to dismiss that motion to dismiss was granted by the court, and the standard of review in determining in an appeal of a judgment granting emotion to dismiss is de novo. And under Washington be Walker 391 elap third for 59. Fourth District, 2009. The court stated that it will only affirm a trial courts decision upon considering the allegations in the light most favorable to the non movement non movement. If it is clear that no set of facts can be proven to entitle the appellant to relief. And I think that that's what we need to focus on here the first and foremost issue is there were three counts in the motion to dismiss the first being, or at least one of them being that his motion sought to modify child support without alleging any substantial change in circumstances, only alleging improprieties that it felt that the appellant felt happened in the past but no changes in circumstances. And as the motion amended motion to vacate did not allege any change in circumstances. It was substantially insufficient and law, and therefore was dismissed by the court on that count as well. In addition, the amended motion to vacate also sought from the trial court and order that not only would child support be modified, but that it would be modified retroactively back to the date that the original judgment for dissolution of marriage was entered. And in fact, the amended motion to vacate asks the court to vacate the divorce judgment that was entered on in March of 2010. And so by asking the court to allow him to essentially recoup any monies that he may have allegedly overpaid by virtue of this original child support order. He was asking for an impermissible retroactive modification of child support in violation of the statute 510 of the Illinois marriage and dissolution of marriage act. So on that basis, because the section 510 of the Illinois marriage and dissolution of marriage act prohibits retroactive modification of child support. And therefore, part of Mr. Jones amended motion to vacate was barred by statute or other affirmative matter defeating the motion. The court also granted the motion to dismiss in that regard. And there are no sets of facts that can be proven based on the allegations in the amended motion to vacate. That would entitle Mr. Jones to relief for either the requested modification of child support or the requested retroactive modification of child support. So counsel, I'm sorry to interrupt, but I have a question. Yes, ma'am. Under the circumstances here and looking at these documents one can see they're scratched out and we've heard opposing counsel's arguments. Is it in the interest of justice that this court hold that the orders alleged by the respondent to have been entered by virtue of forgery that is the judgment of dissolution forgery or fraud be considered void as those orders were entered after the trial court entered subject matter and personal jurisdiction. No, Your Honor. It is our position and I believe the position of the existing law that this is not a matter of equity or justice. This is a matter of the fact that the statutes are written the way that they are to allow for equity. Section 214-01 allows a litigant two years after they have discovered a fraud or after a period of duress has expired. They have more time to file their motions. And I'm sorry, were you about to say something? Why was he held to the two years? Why should he have been held to the two years under these circumstances? I have many reasons, most of which are laid out in our brief, but the primary one just as enough is that March of 2019. Mr. Jones filed a motion to modify child support. The very thing that he said he was not supposed to do under this duress that she said if he tried to change the support that she was going to, you know, keep him away from his son. Well, that threat had to have been gone as of March of 2019 when he filed his motion to modify child support. He cannot possibly argue because if you look at the record, Mr. Jones has not only filed a motion to modify child support or a motion to vacate. When he files motions, he files half a dozen of them at one time. He's not under any duress at any point in this record, not at any point in the record. But specifically in March of 2019, when he filed this motion to modify child support, he laid out the exact allegations that he put in his amended motion to vacate. He pulled the cover off of whatever duress he said existed, and he put it out there for the court to see and allege the exact same things. Judgment was never entered on that motion other than for the docket entry where the court said that all matters had been resolved by agreement of the parties. And so from that moment on, from March of 2019, when he filed that motion, he had, and that is, and Mr. Booker said that he felt that we had sort of conceded this in our brief. And by no means did we ever suggest that he was under duress until then. But if he was, by March of 2019, that duress was clearly concluded. He filed the very motion he said he was so afraid to file. And so from two years after that date would have been March of 2021. Well, he didn't file a motion to vacate in March of 2021. He didn't file it until January of 2022, more than nine months later. So, counsel with regard to the specificity and particularity of pleading fraud. When he pleaded that he believed that Lisa's forgery of the judgment of dissolution when he changed, or when the amount of income was changed when he pled that that voided Don't we have to actually infer that he really means that he wouldn't have entered his appearance, had he not relied on her representation as to his income and wouldn't that be extrinsic fraud, which would have deprived the trial court from acquiring jurisdiction No justice enough. First of all, I would address the second part of that question and that is that the court still had jurisdiction. The court has to have subject matter and personal jurisdiction and I think we've conceded everybody's conceded subject matter. But if personal jurisdiction is tied to the appearance. Perhaps you might be right, but the trial court had personal jurisdiction for plenty of other reasons, specifically. Excuse me. For personal jurisdiction. Let's start with the fact that the Illinois Code of Civil Procedure, section two dash 301 so it's 735 ILCS five slash two dash 301 states in part that a party filing any other pleading or motion prior to the filing of a motion objecting to the court's jurisdiction over the party's person waves all objections to the court's jurisdiction over the party's person prospectively. So if Mr. Jones was going to claim that the court didn't otherwise have personal jurisdiction over him the filing of his appearance waves any future objection to personal jurisdiction. Next, in my question went to the inference that we needed or asking you, we shouldn't draw the conclusion from what he did plead that he believed the forgery of the judgment and changing the amount voided his appearance don't we have to make the inference or isn't it obvious that the inferences he meant that he wouldn't have filed this appearance, this personal appearance and consent, had he not relied on that representation. And the answer to your question justice is the issue of extrinsic fraud deals with the idea that the fraud, that would have potentially divested the court of jurisdiction, somehow, went to the fact that he was then unable to or unaware of how to be involved in his case. There's nothing here that prevented Mr. Jones from asking the court what happened. Since he was unavailable on the date that the court signed the documents he knew the case was being filed. He knew the judgment was being entered. He knew how to contact the circuit clerk's office as shown throughout the record. He could have he had every opportunity to ask for a copy of the documents to have found it and to have filed a motion to vacate timely. The fact that he was not prevented from participating in this litigation, by virtue of this alleged fraud does not divest the court of jurisdiction that does not make this extrinsic fraud. Thank you. I would go back to the personal jurisdiction argument briefly since that's where I just was. And simply to remind the, your honors that under the Code of Civil Procedure, specifically section 2-209, the statute states that a person who does any number of a out of the doing of those actions. So by signing an affidavit of income and expenses in this matter, by disclosing that he holds personal property, bank accounts and car notes, personal debts in the state of Illinois, that the court was to divide in terms of the judgment by signing the appearance and consent. Mr. Jones executed a number of documents and did a number of specific steps to engage in the process of litigation for the divorce in Illinois. And by doing so, when the cause of action arises out of the execution of So even if the appearance and consent didn't give the court personal jurisdiction, Mr. Jones' other acts did give the court personal jurisdiction. You don't have to sign a piece of paper that says, yes, Judge, I'm, you know, subjecting myself to the personal jurisdiction of the court. The fact that he owned this property in Illinois that was going to be divided by the divorce court was sufficient to give the court personal jurisdiction over him as well. So even if the appearance and consent was voided by the alleged fraud, the court still had personal and subject matter jurisdiction over this case and Mr. Jones, and therefore any such fraud would not have I divested the court of that jurisdiction. So if I can just pursue that for a minute. Yes, you're saying, even if this consent appearance and consent were put aside, the fact that he owned property here would have given the trial court personal jurisdiction over him in these court proceedings. I'm saying the I apologize, Justice, I think I may have misspoken. I'm saying the execution of the affidavit identifying the personal property, the execution of the affidavit identifying that he had bank accounts and debts that were incurred in Illinois. That's in the, that's in connection with this litigation this court case. Yes, yes. And, oh goodness I had a thought and I just lost it I apologize. I'm sorry. No, not at all. When we asked the questions out of nowhere I'm sorry. It's okay I do remember what I was going to say. One of the things to look at Justice Zenoff is that when he executed his financial affidavit. One of the attachments he included to it was one of his pay stubs from the defense finance and accounting services. And in that document it specifically identifies what state you claim as your residence, specifically for filing tax purposes I'm sure for how much they withhold. But on those pay stubs, Mr. Jones identified to the federal government that his state of residence was Illinois, which would also lend itself to identifying that he has taken steps to subject himself to the courts of the state of Illinois for different purposes. And the fact that he attached that document to his financial affidavit in this cause, I think again lends itself to the argument that he that the court had personal jurisdiction over him, even absent the appearance and consent. I would go back to an argument based on a question from I believe Justice Zenoff about the equity consideration, and I would ask, I would point out to the court. Now, of course, there it is. In People v. Ryburn, in the 2008 decision, the Fourth District Appellate Court found that the appellate court reviews judgments and not the reasons for those judgments. And going to what Mr. Booker was arguing with regard to Judge Asher's statements about the 214-01 two-year limitation applying across the board. In People v. Ryburn in 2008, this court stated that even if the reasons underlying the trial court's judgment were flawed, this court can and will affirm if the record otherwise shows that judgment to be soundly based. So even if you were to find that Judge Asher maybe misapplied that two-year limitations in that statement, as long as the judgment is sound, this court, according to People v. Ryburn, can and will uphold that decision. I also want to point out that the argument that perhaps Mr. Jones wouldn't have executed the appearance and consent if he had known that they did not have an agreement on the child support or the child support would allegedly have been changed. That might be a reason to void, let's say, the joint parenting agreement. If I sign a contract with the other parent that this is how we're going to handle parenting and the other parent has defrauded me into signing that, I can understand the concept of voiding that contract. But the appearance and consent was not part of that contract. That appearance and consent was an independent document, which, by the way, was notarized. So he had to affirm to a notary that he knew what he was signing and that he signed it himself. And it specifically states in that appearance and consent that he was subjecting himself to the will of the court and giving the court permission essentially to proceed in all manner in this case without him being there and without notice to him of any further hearings. Excuse me. Do any of the justices have any additional questions before I pat her on here? I don't see anything at the moment. Thank you. How much time do I have left, Justice Harris? I'll ask the bailiffs. Two minutes and 10 seconds. In that case, I believe I have said all that I really need to say. If I had 10 minutes left, I might have pushed it. But at this point, I'll say that I've said enough. All right. Thank you, Counsel. Mr. Booker, rebuttal argument? Thank you, Justice. I would side to the court Hirsch v. Optima, 336 Illinois Decisions, 338, 1st District, 2009, when the court held that petition for relief from judgment must be decided on principles of fundamental fairness with the object of preventing injury and furtherance of justice. So I would differ from my opponent as far as believing that equity doesn't come into the matter. But what about Vincent, People v. Vincent, our Illinois Supreme Court case? Didn't the Supreme Court expressly say in that case that 214.01, the belief that it invokes equitable powers, such as justice and fairness, is erroneous? So I'm not sure, in light of Vincent, how you can argue otherwise, Counsel. I would concede the Justice's point. That sounds like a direct quote on point there. Well, I wasn't quoting directly. I was paraphrasing, but at any rate, that's the gist of Vincent, is it not? That it certainly is inaccurate to view the relief afforded in 214.01 as equitable? Well, I believe the Justice is correct. I would submit for the Court's consideration that 214.01 is definitely a statute. It's not a common law. But at the same point, fairness and avoiding some activity that would offend traditional notions of fairness and justice would also be a consideration. But as the Court stated, that sounds pretty direct that it's a statute. Justice, what year is that case? Vincent, I don't have it right in front of me, I'm sorry, but it postdates the case I believe you had talked about. I don't know, Justice Steikman, do you happen to know? I think Vincent was about 10 years ago. Thank you. I was about to cite... It's 226 Illinois 2nd. The point that I was making is at Penn Site 15. Of course, it's well established that void judgments can be challenged beyond the two-year rule. I would submit that due to the coercion in this case, that that would extend this for many years, actually. The question is, is it a proper consideration that the personal jurisdiction of the Court on the party would be considered part and parcel of the fraud that was brought about by the appellee? I would respectfully suggest that he should have his day in court to at least discuss and try to persuade the Court that he was induced into this entry of appearance by the opposing party who was sophisticated enough to get him to file an entry of appearance. I would differ from my opposing counsel as to the personal jurisdiction matter. I think that perhaps she has confused the long-arm statute with service of process or entry of appearance. I mean, jurisdiction of the state certainly can be granted by various means, usually involving, often involving a business in another state. Certainly, I'm not arguing that the state of Illinois didn't have any grounds for jurisdiction over Mr. Jones. However, I don't think that's tantamount to saying that he didn't need an entry of appearance or he didn't need a service of process. If that were the case, then people wouldn't have to be served in divorce cases. They could just say, well, you've transacted business here. You're now, you didn't get the order. Well, that's your problem. You transacted business in the state. Mr. Booker, I'm sorry to interrupt you, but you are out of time. All right. Thank you. Thank you, Justice. All right. Thank you, counsel. Thank you both. The court will take this matter under advisement and will enter a written decision. The court stands in recess.